# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———————

gnaydenskiy@faillacelaw.com

August 30, 2019

**BY ECF**

Honorable Roanne L. Mann
United States Chief Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: <u>Guzman v. Kam Fung Wong Inc. et al</u>
      **Case: 18-cv-6998**

Dear Judge Mann:

   This office represents Plaintiff in the above referenced matter.  The parties have agreed to a settlement ("Agreement") after attending a settlement conference in front of Your Honor.  A copy of the Agreement is attached hereto as Exhibit A.  We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and to retain jurisdiction of the matter.

### <u>BACKGROUND</u>

   Plaintiff filed his Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

## SETTLEMENT TERMS

As alleged Plaintiff would be entitled to back wages of approximately $33,118.47 as his best case scenario. However, upon review of Defendants' records, Plaintiff would be entitled to approximately 8,789.33 in back wages and a total damages owed, not including attorney fees, would be $29,376.02. Thus, in order to avoid the risks of protracted litigation, the parties have agreed to settle this action for the total sum of $27,500.  A copy of Plaintiffs' best case damages chart, breaking down each amount sought from Defendants, is attached as Exhibit B.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were contested factual disputes. Therefore, Plaintiff believes the settlement is reasonable because he is recovering almost 94% of all damages owed in early litigation.

## ATTORNEYS' FEES

Plaintiffs' counsel will receive $8,924 (which is the costs subtracted from the $27,500 settlement amount and divided by three) from the settlement as attorneys' fees and costs of $728

which represents costs actually incurred by counsel in litigating this action (which includes filing and service of process fees).

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $3,075 in attorneys' fees and $728 in costs[1], making the fee counsel will receive under the agreement reasonable in light of their lodestar. The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

      i.      Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C., and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's work is indicated by the initials "MF."

      ii.      Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. My regular billing rate of $250 per hour is reflected in Exhibit C with my initials "GN."[2]

---

[1] A copy of Plaintiff's counsel's billing record is attached as "Exhibit C."
[2] Additionally, Paralegal time marked as "PL" is billed at $100 an hour.

Page 4

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Gennadiy Naydenskiy

Gennadiy Naydenskiy

Encls.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MIGUEL A. GUZMAN, *individually and*
*on behalf of others similarly situated*,

                        *Plaintiff*,

      -against-

KAM FUNG WONG INC. (D/B/A KAM FUNG
WONG POULTRY), NEW PHOENIX
DISTRIBUTOR INC. (D/B/A KAM FUNG
WONG POULTRY), AM LE CHANG, HENRY
DOE, MICHELLE DOE, and ABRAHAM DOE,

                        *Defendants*.

**18-CV-06998-MKB-RLM**

**SETTLEMENT AGREEMENT AND**
**RELEASE**

     This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Miguel A Guzman ("Plaintiff Guzman") on the one hand, Kam Fung Wong Inc. (d/b/a Kam Fung Wong Poultry) and New Phoenix Distributor Inc. (d/b/a Kam Fung Wong Poultry), ("Defendant Corporation"), Am Le Chang, Henry Chang, Michelle Doe, and Abraham Doe, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

     WHEREAS, Plaintiff Guzman alleges that he worked for Defendants as an employee; and

     WHEREAS, a dispute has arisen regarding Plaintiff Guzman's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 18-CV-06998-MKB-RLM (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

     WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

     WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

     NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

     1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Guzman, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction

1231196.1

of any and all claims or potential claims Plaintiff Guzman may have against Defendants through the Effective Date of this Agreement (i.e., the date when the Court enters an order approving the settlement and dismissing the case with prejudice), including all counsel fees and costs incurred by Plaintiff Guzman, the gross sum of Twenty-Seven Thousand Five Hundred Dollars and No Cents (**$27,500.00**) (the "Settlement Amount") to be paid to Plaintiff Guzman's attorneys in Eleven ("11") installments, as follows:

      (a)     Installment One:

      (i) The first payment shall be made no later than 30 days after court approval of the settlement agreement and dismissal of this action with prejudice via two checks to Plaintiff Guzman, the first in the amount of One Thousand Nine Hundred Forty Seven Dollars and Six Cents ($1,947.06), which shall be reportable on an IRS Form 1099 and a second check in the amount of One Thousand Nine Hundred Forty Seven Dollars and Six Cents ($1,947.06) subject to all lawful tax withholdings, which shall be reportable on an IRS Form W-2. These checks shall be delivered to Plaintiff Guzman's counsel.

      (ii) A check in the amount of Two Thousand One Hundred and Five Dollars and Eighty Eight Cents ($2,105.88) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred.  This payment shall be also made no later than 30 days after court approval of the settlement agreement and dismissal of this action with prejudice.

      (b)     Installment Two:

      (i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Sixty Days (60) after court approval of the settlement agreement and dismissal of the action with prejudice.

      (ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 60 days after court approval of the settlement agreement and dismissal of this action with prejudice

      (c)     Installment Three:

      (i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Ninety Days (90) after court approval of the settlement agreement and dismissal of the action with prejudice.

      (ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 90 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(d)      Installment Four:

(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within One Hundred and Twenty Days (120) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 120 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(e)      Installment Five:

(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks shall be delivered to Plaintiff Guzman's counsel within One Hundred and Fifty Days (150) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 150 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(f)      Installment Six:

(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within One Hundred and Eighty Days (180) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 180 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(g)      Installment Seven:

(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's

counsel within Two Hundred and Ten Days (210) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 210 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(h)      Installment Eight:
(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Two Hundred and Forty Days (240) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 240 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(i)      Installment Nine:
(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Two Hundred and Seventy Days (270) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 270 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(j)      Installment Ten:
(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Three Hundred Days (300) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This

payment shall be also made no later than 300 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(k)      Installment Eleven:

(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Three Hundred and Thirty Days (330) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 330 days after court approval of the settlement agreement and dismissal of this action with prejudice .

In the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the checks is not delivered to  Guzman's  counsel's escrow account and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice of breach (to be delivered to Defendants by first class mail via their counsel, Michael Taubenfeld, Esq., at 225 Broadway Suite 1700, New York, NY 10007).  Any such Notice of Default shall be deemed received five (5) days after it is mailed.


2.      (a) Plaintiff acknowledges and agrees that, except as expressly provided above, he is not entitled to and will not receive any additional compensation, bonuses, severance payments, vacation pay or benefits of any kind from Defendants, or any of their affiliates, predecessors or successors, and that no representations or promises to the contrary have been made by or on behalf of Defendants to Plaintiff.

(b) Plaintiff acknowledges and agrees that payments made to him pursuant to this Agreement must be reported to the Internal Revenue Service (as well as state and local authorities, where applicable) via IRS Tax Form 1099, W-2, or other forms. Plaintiff expressly acknowledges and warrants that, he is, and shall be, responsible for all federal, state and local tax liabilities which may result from Defendants' payments to him and warrants that Defendants bear no responsibility for any such tax liabilities.

(c) Plaintiff further agrees : (a) to indemnify and hold Defendants harmless in the event that they are assessed with any taxes, fines, penalties, or interest by the IRS (or any state or local authority) relating to the Settlement Sumbecause of Plaintiff's failure to pay taxes, including any costs and attorneys' fees; and (b) that should any tax liability arise or accrue, he will pay any and all such finally determined obligations as required by law

2.      Release and Covenant Not To Sue:  Plaintiff Guzman hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for

each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers in their respective capacities as such any and all FLSA and NYLL wage and hour charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff Guzman at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff Guzman from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Guzman that have occurred as of the Effective Date of this Agreement.

3.    No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.    Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Guzman and Defendants.

5.    Acknowledgments:    Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.    Notices:        Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:


To Plaintiff Guzman:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Michael Taubenfeld
**Fisher Taubenfeld LLP**
225 Broadway Suite 1700
New York, NY 10007
Tel: 212-571-0700
Fax: 212-505-2001

Email: michael@fishertaubenfeld.com

7.     Governing Law:   This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York.

**THE RETAINING OF JURISDICTION BY THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK IS A MATERIAL TERM OF THIS AGREEMENT. IF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK CHOOSES TO NOT RETAIN JURISDICTION THEN THIS AGREEMENT IS NULL AND VOID.**

8.     Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Guzman agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.     Release Notification: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C. Plaintiff Guzman acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys.  Plaintiff Guzman confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10.     Severability.   If any court of competent jurisdiction concludes that any part, term or provision of this Agreement is illegal, void, unenforceable or in conflict with any state, federal or any other applicable law, it is the Parties' intention that the Agreement be deemed to be modified so that its purpose can lawfully be effectuated and, as so modified, the balance of this Agreement shall be enforceable and remain in full force and effect.  Provided, however, that if paragraph 3 above is held to be illegal, void or unenforceable, Parties agree to promptly execute valid general releases and waivers in favor of each other.

11.     Successors and Assigns.   This Agreement shall extend to, be binding upon, and inure to the benefit of the Parties and their respective successors and assigns.

12.     Assignment.   Neither this Agreement nor any rights or obligations hereunder may be assigned by one Party without the written consent of the others, except that Defendants may assign this Agreement to any parent or affiliate entity, and this Agreement shall inure to the benefit

of any successor of Defendants, whether by merger, consolidation, sale of assets or otherwise, and reference herein to Defendants shall be deemed to include any such successor or successors.

13.    Waiver.  No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement.  No waiver shall be binding unless in writing and signed by the Party waiving the breach.

14.    Headings.  All headings of the Sections of this Agreement have been inserted for convenience of reference only, are not to be considered a part of this Agreement, and shall in no way affect the interpretation of any of the provisions of this Agreement.

15.    Miscellaneous Provisions.

    a.    The recitals to this Agreement are hereby deemed incorporated into this Agreement.

    *b.*    Each of the Parties hereto has joined in and contributed to drafting this Agreement and each of the Parties hereby agree that there shall be no presumption favoring any of the Settling Parties based upon draftsmanship.

16.    Counterparts:  To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____     Date: _____
    MIGUEL A GUZMAN

8-19-2019

DEFENDANTS:

By: _____     Date: _____
    KAM FUNG WONG INC.

By: _____     Date: _____
    AM LE CHANG

By:  _____          Date: _____
        HENRY CHANG

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MIGUEL A. GUZMAN, *individually and*
*on behalf of others similarly situated,*

*Plaintiff,*

-against-

KAM FUNG WONG INC. (D/B/A KAM FUNG
WONG POULTRY), NEW PHOENIX
DISTRIBUTOR INC. (D/B/A KAM FUNG
WONG POULTRY), AM LE CHANG, HENRY
DOE, MICHELLE DOE, and ABRAHAM DOE,

*Defendants.*

**18-CV-06998-MKB-RLM**

**SETTLEMENT AGREEMENT AND**
**RELEASE**

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Miguel A Guzman ("Plaintiff Guzman") on the one hand, Kam Fung Wong Inc. (d/b/a Kam Fung Wong Poultry) and New Phoenix Distributor Inc. (d/b/a Kam Fung Wong Poultry), ("Defendant Corporation"), Am Le Chang, Henry Chang, Michelle Doe, and Abraham Doe, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Guzman alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Guzman's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 18-CV-06998-MKB-RLM (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Guzman, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction

1231196.1

of any and all claims or potential claims Plaintiff Guzman may have against Defendants through the Effective Date of this Agreement (i.e., the date when the Court enters an order approving the settlement and dismissing the case with prejudice), including all counsel fees and costs incurred by Plaintiff Guzman, the gross sum of Twenty-Seven Thousand Five Hundred Dollars and No Cents (**$27,500.00**) (the "Settlement Amount") to be paid to Plaintiff Guzman's attorneys in Eleven ("11") installments, as follows:

    (a)    Installment One:

        (i) The first payment shall be made no later than 30 days after court approval of the settlement agreement and dismissal of this action with prejudice via two checks to Plaintiff Guzman, the first in the amount of One Thousand Nine Hundred Forty Seven Dollars and Six Cents ($1,947.06), which shall be reportable on an IRS Form 1099 and a second check in the amount of One Thousand Nine Hundred Forty Seven Dollars and Six Cents ($1,947.06) subject to all lawful tax withholdings, which shall be reportable on an IRS Form W-2.  These checks shall be delivered to Plaintiff Guzman's counsel.

        (ii) A check in the amount of Two Thousand One Hundred and Five Dollars and Eighty Eight Cents ($2,105.88) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred.  This payment shall be also made no later than 30 days after court approval of the settlement agreement and dismissal of this action with prejudice.

    (b)    Installment Two:

        (i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Sixty Days (60) after court approval of the settlement agreement and dismissal of the action with prejudice.

        (ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 60 days after court approval of the settlement agreement and dismissal of this action with prejudice

    (c)    Installment Three:

        (i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Ninety Days (90) after court approval of the settlement agreement and dismissal of the action with prejudice.

        (ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 90 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(d)        Installment Four:

(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within One Hundred and Twenty Days (120) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 120 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(e)        Installment Five:

(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within One Hundred and Fifty Days (150) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 150 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(f)        Installment Six:

(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within One Hundred and Eighty Days (180) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 180 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(g)        Installment Seven:

(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's

3

counsel within Two Hundred and Ten Days (210) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 210 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(h)     Installment Eight:
(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Two Hundred and Forty Days (240) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 240 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(i)     Installment Nine:
(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Two Hundred and Seventy Days (270) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 270 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(j)     Installment Ten:
(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Three Hundred Days (300) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This

4

payment shall be also made no later than 300 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(k)     Installment Eleven:

(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Three Hundred and Thirty Days (330) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 330 days after court approval of the settlement agreement and dismissal of this action with prejudice .

In the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the checks is not delivered to Guzman's counsel's escrow account and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice of breach (to be delivered to Defendants by first class mail via their counsel, Michael Taubenfeld, Esq., at 225 Broadway Suite 1700, New York, NY 10007), Plaintiff shall be permitted to (1) move before the District Court of the Eastern District of New York to enforce a judgment for all outstanding payments, plus prejudgment interest and reasonable attorneys' fees and costs, or (2) to rescind this Agreement and reopen the Action.  In the event Plaintiff elects to rescind the Agreement and reopen the Action, all payments made by Defendants under this Agreement shall be treated as an offset against any damages the Court ultimately awards Plaintiff.  Should Plaintiff not be awarded any damages, all monies Plaintiff and his counsel received under this Agreement shall be returned to Defendants.  Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2.     (a) Plaintiff acknowledges and agrees that, except as expressly provided above, he is not entitled to and will not receive any additional compensation, bonuses, severance payments, vacation pay or benefits of any kind from Defendants, or any of their affiliates, predecessors or successors, and that no representations or promises to the contrary have been made by or on behalf of Defendants to Plaintiff.

(b) Plaintiff acknowledges and agrees that payments made to him pursuant to this Agreement must be reported to the Internal Revenue Service (as well as state and local authorities, where applicable) via IRS Tax Form 1099, W-2, or other forms. Plaintiff expressly acknowledges and warrants that, he is, and shall be, responsible for all federal, state and local tax liabilities which may result from Defendants' payments to him and warrants that Defendants bear no responsibility for any such tax liabilities.

5

(c) Plaintiff further agrees : (a) to indemnify and hold Defendants harmless in the event that they are assessed with any taxes, fines, penalties, or interest by the IRS (or any state or local authority) relating to the Settlement Sumbecause of Plaintiff's failure to pay taxes, including any costs and attorneys' fees; and (b) that should any tax liability arise or accrue, he will pay any and all such finally determined obligations as required by law

2.     <u>Release and Covenant Not To Sue</u>:   Plaintiff Guzman hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives  and managers in their respective capacities as such any and all FLSA and NYLL wage and hour charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff Guzman at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.  Similarly, Defendants release and discharge Plaintiff Guzman from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Guzman that have occurred as of the Effective Date of this Agreement.

3.     <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.     <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Guzman and Defendants.

5.     <u>Acknowledgments:</u>   Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.     <u>Notices:</u>       Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiff Guzman:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

6

To Defendants:

Michael Taubenfeld
**Fisher Taubenfeld LLP**
225 Broadway Suite 1700
New York, NY 10007
Tel: 212-571-0700
Fax: 212-505-2001
Email: michael@fishertaubenfeld.com

7.    Governing Law:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York.

**THE RETAINING OF JURISDICTION BY THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK IS A MATERIAL TERM OF THIS AGREEMENT. IF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK CHOOSES TO NOT RETAIN JURISDICTION THEN THIS AGREEMENT IS NULL AND VOID.**

8.    Enforceability:  If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Guzman agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.    Release Notification:  Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C. Plaintiff Guzman acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys.  Plaintiff Guzman confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10.    Severability.  If any court of competent jurisdiction concludes that any part, term or provision of this Agreement is illegal, void, unenforceable or in conflict with any state, federal or any other applicable law, it is the Parties' intention that the Agreement be deemed to be modified so that its purpose can lawfully be effectuated and, as so modified, the balance of this Agreement shall be enforceable and remain in full force and effect.  Provided, however, that if paragraph 3 above is held to be illegal, void or unenforceable, Parties agree to promptly execute valid general releases and waivers in favor of each other.

7

11.    Successors and Assigns.  This Agreement shall extend to, be binding upon, and inure to the benefit of the Parties and their respective successors and assigns.

12.    Assignment.  Neither this Agreement nor any rights or obligations hereunder may be assigned by one Party without the written consent of the others, except that Defendants may assign this Agreement to any parent or affiliate entity, and this Agreement shall inure to the benefit of any successor of Defendants, whether by merger, consolidation, sale of assets or otherwise, and reference herein to Defendants shall be deemed to include any such successor or successors.

13.    Waiver.  No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement.  No waiver shall be binding unless in writing and signed by the Party waiving the breach.

14.    Headings.  All headings of the Sections of this Agreement have been inserted for convenience of reference only, are not to be considered a part of this Agreement, and shall in no way affect the interpretation of any of the provisions of this Agreement.

15.    Miscellaneous Provisions.

a.    The recitals to this Agreement are hereby deemed incorporated into this Agreement.

b.    Each of the Parties hereto has joined in and contributed to drafting this Agreement and each of the Parties hereby agree that there shall be no presumption favoring any of the Settling Parties based upon draftsmanship.

16.    Counterparts:  To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____     Date: _____
        MIGUEL A GUZMAN

DEFENDANTS:

By: _____     Date: 8/29/19
        KAM FUNG WONG INC.
        AM LE CHANG
        PRESIDENT

8

By: _____     Date: _____
       AM LE CHANG

By: _____     Date: _____
       HENRY CHANG

# EXHIBIT B

| Plaintiff | Pay Period | | No. Weeks in |
| --- | --- | --- | --- |
| | From | To | Pay Period |
| **Miguel A. Guzman** | 9/1/15 | 12/31/15 | 17 |
| | 1/1/16 | 5/1/16 | 17 |
| | 6/1/16 | 12/31/16 | 30 |
| | 1/1/17 | 10/6/17 | 40 |
| | 1/1/18 | 11/10/18 | 45 |

1
2
3

| Hours Per Week in Period | SOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate |
|---|---|---|---|---|
| 48 | 0 | $ 8.33 | $ 12.50 | $ 8.75 |
| 48 | 0 | $ 8.33 | $ 12.50 | $ 9.00 |
| 48 | 0 | $ 8.33 | $ 12.50 | $ 9.00 |
| 48 | 0 | $ 12.71 | $ 19.06 | $ 11.00 |
| 48 | 0 | $ 14.58 | $ 21.88 | $ 13.00 |

This chart is based upon preliminary information and the expected testimony of Pl
Plaintiffs reserve the right to correct or amend this chart.
This Chart was prepared without the benefit of discovery, or the benefit of Defenda

| Minimum Overtime (OT) | | Lawful Weekly Pay | | "Credited" Weekly Pay | | Underpayment Per Week | |
|---|---|---|---|---|---|---|---|
| $ | 13.13 | $ | 455.00 | $ | 400.00 | $ | 55.00 |
| $ | 13.50 | $ | 468.00 | $ | 400.00 | $ | 68.00 |
| $ | 13.50 | $ | 468.00 | $ | 400.00 | $ | 68.00 |
| $ | 16.50 | $ | 660.83 | $ | 610.00 | $ | 50.83 |
| $ | 19.50 | $ | 758.33 | $ | 700.00 | $ | 58.33 |

**TOTAL:**

**

nony of Plaintiffs.**

**f Defendants' required wage and hour records under the FLSA and NYLL.**

| Unpaid Wages & OT | Liq. Damages on Wages & OT | Unpaid Spread of Hours (SOH) Pay |
|---|---|---|
| $ 935.00 | $ 935.00 | $ - |
| $ 1,156.00 | $ 1,156.00 | $ - |
| $ 2,040.00 | $ 2,040.00 | $ - |
| $ 2,033.33 | $ 2,033.33 | $ - |
| $ 2,625.00 | $ 2,625.00 | $ - |
| $ 8,789.33 | $ 8,789.33 | $ - |

| Filing Date |
|---|
| FLSA |
| NYLL |
| Amendment |
| Today |

| Liq. Damages on unpaid SOH | | Annual Wage Notice | | Weekly Wage Statement | |
|---|---|---|---|---|---|
| $ | - | $ | 5,000.00 | $ | 5,000.00 |
| $ | - | | | | |
| $ | - | | | | |
| $ | - | | | | |
| $ | - | | | | |
| | | | | | |
| **$** | **-** | **$** | **5,000.00** | **$** | **5,000.00** |

| | |
|---|---|
| | **9/27/17** |
| | **9/27/14** |
| | **9/27/11** |
| | **4/9/11** |
| | **8/30/19** |

| Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Tools of Trade |
|---|---|---|
| $ 322.57 | $ - | |
| $ 364.04 | $ - | |
| $ 542.82 | $ - | |
| $ 417.46 | $ - | |
| $ 291.35 | $ - | |
| $ 1,938.23 | $ - | $ - |

| Total Per Period |
|---|
| $ 12,192.57 |
| $ 2,676.04 |
| $ 4,622.82 |
| $ 4,484.12 |
| $ 5,541.35 |
| |
| $ 29,516.90 |

# EXHIBIT C

### *Michael Faillace & Associates, P.C.*
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200          Fax:(212) 317-1620

Miguel Guzman                                              August 30, 2019

| | |
|---|---|
| File #: | mFungWongP |
| Inv #: | Sample |

**Attention:**

**RE:**   Guzman v. Kam Fung Wong Inc. et al; 18-cv-06998

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Dec-03-18 | Initial consultation with MF | 0.90 | 405.00 | MF |
| Dec-05-18 | Correction | 0.10 | 45.00 | MF |
| Apr-09-19 | conference with cl | 0.20 | 50.00 | GN |
| | Prepared and Emailed Initial Disclosures to Defense Counsel | 0.25 | 25.00 | PL |
| Apr-10-19 | travel to court | 0.40 | 50.00 | GN |
| | court | 0.80 | 200.00 | GN |
| | travel from court | 0.40 | 50.00 | GN |
| Apr-11-19 | email BT re: call cl | 0.10 | 25.00 | GN |
| | Prepared Damages Chart | 0.50 | 50.00 | PL |
| Apr-19-19 | Called Client to Confirm Availability for Settlement Conference | 0.10 | 10.00 | PL |
| Apr-22-19 | Redacted Plaintiffs Paystubs for the years 2016, 2017, and 2018 | 0.25 | 25.00 | PL |
| May-01-19 | E-mail Defense Counsel Plaintiffs Documents | 0.10 | 10.00 | PL |

Case 1:18-cv-06998-RLM   Document 25   Filed 08/30/19   Page 34 of 35 PageID #: 124

| | | | | |
|---|---|---|---|---|
| May-20-19 | email def attorney | 0.10 | 25.00 | GN |
| Jun-20-19 | email w/ def attorney | 0.10 | 25.00 | GN |
| Jun-26-19 | review def doc production | 1.30 | 325.00 | GN |
| | travel to court | 0.40 | 50.00 | GN |
| | sett conference | 2.00 | 500.00 | GN |
| | travel from court | 0.40 | 50.00 | GN |
| | Travel to court from office | 0.40 | 40.00 | PL |
| | Travel from Court to Office | 0.40 | 40.00 | PL |
| | Settlement Conference | 2.00 | 200.00 | PL |
| Jul-25-19 | review and revise sett agreement | 0.30 | 75.00 | GN |
| | continue review and revise sett agreement | 0.40 | 100.00 | GN |
| | continue review of sett agreement | 0.20 | 50.00 | GN |
| Jul-26-19 | telephone and email def attorney | 0.10 | 25.00 | GN |
| Aug-02-19 | email def attorney | 0.10 | 25.00 | GN |
| Aug-09-19 | email w/ def attorney re: agreement | 0.10 | 25.00 | GN |
| | email w/ def attorney | 0.10 | 0.00 | GN |
| | review and edit def attorney redline of sett agreement | 0.60 | 150.00 | GN |
| Aug-14-19 | telephone call with def attorney re: redline changes | 0.20 | 50.00 | GN |
| Aug-15-19 | edit def agreement | 0.20 | 50.00 | GN |
| Aug-16-19 | draft ltr to court | 0.20 | 50.00 | GN |
| | email w/ def attorney | 0.10 | 25.00 | GN |

| Aug-30-19 | Drafting Fairness Letter | 1.00 | 250.00 | GN |
|-----------|--------------------------|------|--------|-----|
|           | Totals                   | 14.80 | $3,075.00 | |

**DISBURSEMENTS**

|           | Filing Fee | 400.00 |
|-----------|-----------|--------|
| Dec-14-18 | Process Server: Kam Fung Wong Inc. | 64.00 |
|           | Process Server: New Phoenix Distributor Inc. | 64.00 |
| Dec-31-18 | Process Server: Am Le Chang | 50.00 |
|           | Process Server: Henry Doe | 50.00 |
|           | Process Server: Michelle Doe | 50.00 |
|           | Process Server: Abraham Doe | 50.00 |
|           | Totals | $728.00 |

| **Total Fee & Disbursements** | **$3,803.00** |
|-------------------------------|---------------|
| **Balance Now Due** | **$3,803.00** |