# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                                                            Telephone: (212) 317-1200
New York, New York 10165                                                    Facsimile: (212) 317-1620

gnaydenskiy@faillacelaw.com

September 27, 2019

**BY ECF**
Hon. Roanne L. Mann
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                        Re:      Guzman v. Kam Fung Wong Inc. et al
                                **Case: 18-cv-6998**

Your Honor:

In accordance with Your Honor's Orders. Please find attached as Exhibit A, the executed revised agreement that the parties respectfully request Your Honor approve.

We thank The Court for its attention to this matter.

                                                 Respectfully Submitted,

                                                 */s/Gennadiy Naydenskiy, Esq.*
                                                 Gennadiy Naydenskiy, Esq.
                                                 MICHAEL FAILLACE & ASSOCIATES, P.C.
                                                 *Attorneys for Plaintiffs*

cc:      Defendants (By ecf)

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MIGUEL A. GUZMAN, *individually and on behalf of others similarly situated*,

    *Plaintiff,*

-against-

KAM FUNG WONG INC. (D/B/A KAM FUNG WONG POULTRY), NEW PHOENIX DISTRIBUTOR INC. (D/B/A KAM FUNG WONG POULTRY), AM LE CHANG, HENRY DOE, MICHELLE DOE, and ABRAHAM DOE,

    *Defendants.*

18-CV-06998-MKB-RLM

SETTLEMENT AGREEMENT AND RELEASE

---

  This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Miguel A Guzman ("Plaintiff Guzman") on the one hand, Kam Fung Wong Inc. (d/b/a Kam Fung Wong Poultry) and New Phoenix Distributor Inc. (d/b/a Kam Fung Wong Poultry), ("Defendant Corporation"), Am Le Chang, Henry Chang, Michelle Doe, and Abraham Doe, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

  WHEREAS, Plaintiff Guzman alleges that he worked for Defendants as an employee; and

  WHEREAS, a dispute has arisen regarding Plaintiff Guzman's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 18-CV-06998-MKB-RLM (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

  WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

  WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

  NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

  1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Guzman, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Guzman may have against Defendants through

1

the Effective Date of this Agreement (i.e., the date when the Court enters an order approving the settlement and dismissing the case with prejudice), including all counsel fees and costs incurred by Plaintiff Guzman, the gross sum of Twenty-Seven Thousand Five Hundred Dollars and No Cents (**$27,500.00**) (the "Settlement Amount") to be paid to Plaintiff Guzman's attorneys in Eleven ("11") installments, as follows:

(a) Installment One:

(i) The first payment shall be made no later than 30 days after court approval of the settlement agreement and dismissal of this action with prejudice via two checks to Plaintiff Guzman, the first in the amount of One Thousand Nine Hundred Forty Seven Dollars and Six Cents ($1,947.06), which shall be reportable on an IRS Form 1099 and a second check in the amount of One Thousand Nine Hundred Forty Seven Dollars and Six Cents ($1,947.06) subject to all lawful tax withholdings, which shall be reportable on an IRS Form W-2. These checks shall be delivered to Plaintiff Guzman's counsel.

(ii) A check in the amount of Two Thousand One Hundred and Five Dollars and Eighty Eight Cents ($2,105.88) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 30 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(b) Installment Two:

(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Sixty Days (60) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 60 days after court approval of the settlement agreement and dismissal of this action with prejudice

(c) Installment Three:

(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Ninety Days (90) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 90 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(d) Installment Four:

       (i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within One Hundred and Twenty Days (120) after court approval of the settlement agreement and dismissal of the action with prejudice.

       (ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 120 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(e)      Installment Five:

       (i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within One Hundred and Fifty Days (150) after court approval of the settlement agreement and dismissal of the action with prejudice.

       (ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 150 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(f)      Installment Six:

       (i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within One Hundred and Eighty Days (180) after court approval of the settlement agreement and dismissal of the action with prejudice.

       (ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 180 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(g)      Installment Seven:

       (i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Two Hundred and Ten Days (210) after court approval of the settlement

agreement and dismissal of the action with prejudice.

    (ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 210 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(h) Installment Eight:
    (i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Two Hundred and Forty Days (240) after court approval of the settlement agreement and dismissal of the action with prejudice.

    (ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 240 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(i) Installment Nine:
    (i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Two Hundred and Seventy Days (270) after court approval of the settlement agreement and dismissal of the action with prejudice.

    (ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 270 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(j) Installment Ten:
    (i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Three Hundred Days (300) after court approval of the settlement agreement and dismissal of the action with prejudice.

    (ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 300 days after court approval of the settlement

agreement and dismissal of this action with prejudice.

    (k)       Installment Eleven:

        (i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Three Hundred and Thirty Days (330) after court approval of the settlement agreement and dismissal of the action with prejudice.

        (ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 330 days after court approval of the settlement agreement and dismissal of this action with prejudice .

    In the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the checks is not delivered to Guzman's counsel's escrow account <u>and</u> (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice of breach (to be delivered to Defendants by first class mail via their counsel, Michael Taubenfeld, Esq., at 225 Broadway Suite 1700, New York, NY 10007). Any such Notice of Default shall be deemed received five (5) days after it is mailed.

    2.      (a) Plaintiff acknowledges and agrees that, except as expressly provided above, he is not entitled to and will not receive any additional compensation, bonuses, severance payments, vacation pay or benefits of any kind from Defendants, or any of their affiliates, predecessors or successors, and that no representations or promises to the contrary have been made by or on behalf of Defendants to Plaintiff.

        (b) Plaintiff acknowledges and agrees that payments made to him pursuant to this Agreement must be reported to the Internal Revenue Service (as well as state and local authorities, where applicable) via IRS Tax Form 1099, W-2, or other forms. Plaintiff expressly acknowledges and warrants that, he is, and shall be, responsible for all federal, state and local tax liabilities which may result from Defendants' payments to him and warrants that Defendants bear no responsibility for any such tax liabilities.

        (c) Plaintiff further agrees : (a) to indemnify and hold Defendants harmless in the event that they are assessed with any taxes, fines, penalties, or interest by the IRS (or any state or local authority) relating to the Settlement Sum because of Plaintiff's failure to pay taxes, including any costs and attorneys' fees; and (b) that should any tax liability arise or accrue, he will pay any and all such finally determined obligations as required by law

    3.      <u>Release and Covenant Not To Sue</u>:  Plaintiff Guzman hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries,

directors, owners, shareholders, members, agents, attorneys, legal representatives and managers in their respective capacities as such any and all FLSA and NYLL wage and hour charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff Guzman at any time has, had, claims or claimed to have against Defendants relating specifically to FLSA and NYLL claims that have occurred as of the Effective Date of this Agreement. , Defendants release and discharge Plaintiff Guzman from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Guzman that have occurred as of the Effective Date of this Agreement.

4. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Guzman and Defendants.

6. <u>Acknowledgments</u>: Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

7. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Guzman:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Michael Taubenfeld
**Fisher Taubenfeld LLP**
225 Broadway Suite 1700
New York, NY 10007
Tel: 212-571-0700
Fax: 212-505-2001
Email: michael@fishertaubenfeld.com

6

8. <u>Governing Law</u>:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York.

**THE RETAINING OF JURISDICTION BY THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK IS A MATERIAL TERM OF THIS AGREEMENT. IF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK CHOOSES TO NOT RETAIN JURISDICTION THEN THIS AGREEMENT IS NULL AND VOID.**

9. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Guzman agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10. <u>Release Notification</u>: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C. Plaintiff Guzman acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys.  Plaintiff Guzman confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

11. <u>Severability</u>.  If any court of competent jurisdiction concludes that any part, term or provision of this Agreement is illegal, void, unenforceable or in conflict with any state, federal or any other applicable law, it is the Parties' intention that the Agreement be deemed to be modified so that its purpose can lawfully be effectuated and, as so modified, the balance of this Agreement shall be enforceable and remain in full force and effect.  Provided, however, that if paragraph 3 above is held to be illegal, void or unenforceable, Parties agree to promptly execute valid releases limited to FLSA and NYLL claims and waivers in favor of each other.

12. <u>Successors and Assigns</u>.  This Agreement shall extend to, be binding upon, and inure to the benefit of the Parties and their respective successors and assigns.

13. <u>Assignment</u>.  Neither this Agreement nor any rights or obligations hereunder may be assigned by one Party without the written consent of the others, except that Defendants may assign this Agreement to any parent or affiliate entity, and this Agreement shall inure to the benefit of any successor of Defendants, whether by merger, consolidation, sale of assets or otherwise, and reference herein to Defendants shall be deemed to include any such successor or successors.

7

14. <u>Waiver</u>. No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the Party waiving the breach.

15. <u>Headings</u>. All headings of the Sections of this Agreement have been inserted for convenience of reference only, are not to be considered a part of this Agreement, and shall in no way affect the interpretation of any of the provisions of this Agreement.

16. <u>Miscellaneous Provisions</u>.

   a. The recitals to this Agreement are hereby deemed incorporated into this Agreement.

   *b.* Each of the Parties hereto has joined in and contributed to drafting this Agreement and each of the Parties hereby agree that there shall be no presumption favoring any of the Settling Parties based upon draftsmanship.

17. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____       Date: _____
    MIGUEL A GUZMAN

DEFENDANTS:

By: _[signature]_____       Date: 9/27/19
    KAM FUNG WONG INC.

By: _[signature]_____       Date: 9/27/19
    AM LE CHANG

By: _[signature]_____       Date: 9/27/19
    HENRY CHANG

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL A. GUZMAN, *individually and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>-against-<br><br>KAM FUNG WONG INC. (D/B/A KAM FUNG WONG POULTRY), NEW PHOENIX DISTRIBUTOR INC. (D/B/A KAM FUNG WONG POULTRY), AM LE CHANG, HENRY DOE, MICHELLE DOE, and ABRAHAM DOE,<br><br>*Defendants.* | 18-CV-06998-MKB-RLM<br><br>SETTLEMENT AGREEMENT AND RELEASE |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Miguel A Guzman ("Plaintiff Guzman") on the one hand, Kam Fung Wong Inc. (d/b/a Kam Fung Wong Poultry) and New Phoenix Distributor Inc. (d/b/a Kam Fung Wong Poultry), ("Defendant Corporation"), Am Le Chang, Henry Chang, Michelle Doe, and Abraham Doe, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Guzman alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Guzman's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 18-CV-06998-MKB-RLM (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Guzman, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Guzman may have against Defendants through

1

the Effective Date of this Agreement (i.e., the date when the Court enters an order approving the settlement and dismissing the case with prejudice), including all counsel fees and costs incurred by Plaintiff Guzman, the gross sum of Twenty-Seven Thousand Five Hundred Dollars and No Cents (**$27,500.00**) (the "Settlement Amount") to be paid to Plaintiff Guzman's attorneys in Eleven ("11") installments, as follows:

    (a)    Installment One:

(i) The first payment shall be made no later than 30 days after court approval of the settlement agreement and dismissal of this action with prejudice via two checks to Plaintiff Guzman, the first in the amount of One Thousand Nine Hundred Forty Seven Dollars and Six Cents ($1,947.06), which shall be reportable on an IRS Form 1099 and a second check in the amount of One Thousand Nine Hundred Forty Seven Dollars and Six Cents ($1,947.06) subject to all lawful tax withholdings, which shall be reportable on an IRS Form W-2. These checks shall be delivered to Plaintiff Guzman's counsel.

(ii) A check in the amount of Two Thousand One Hundred and Five Dollars and Eighty Eight Cents ($2,105.88) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 30 days after court approval of the settlement agreement and dismissal of this action with prejudice.

    (b)    Installment Two:

(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Sixty Days (60) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 60 days after court approval of the settlement agreement and dismissal of this action with prejudice

    (c)    Installment Three:

(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Ninety Days (90) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 90 days after court approval of the settlement agreement and dismissal of this action with prejudice.

    (d)    Installment Four:

(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within One Hundred and Twenty Days (120) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 120 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(e)     Installment Five:
(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within One Hundred and Fifty Days (150) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 150 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(f)     Installment Six:
(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within One Hundred and Eighty Days (180) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 180 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(g)     Installment Seven:
(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Two Hundred and Ten Days (210) after court approval of the settlement

agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 210 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(h)     Installment Eight:
(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Two Hundred and Forty Days (240) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 240 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(i)     Installment Nine:
(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Two Hundred and Seventy Days (270) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 270 days after court approval of the settlement agreement and dismissal of this action with prejudice.

(j)     Installment Ten:
(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Three Hundred Days (300) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 300 days after court approval of the settlement

agreement and dismissal of this action with prejudice.

(k)    Installment Eleven:

(i) A check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Sixty Nine Cents ($697.69), which shall be reportable on an IRS Form 1099 and a check made payable to Plaintiff Guzman in the amount of Six Hundred Ninety Seven Dollars and Seventy Cents ($697.70) subject to all tax withholdings, which shall be reportable on an IRS Form W-2. These checks These checks shall be delivered to Plaintiff Guzman's counsel within Three Hundred and Thirty Days (330) after court approval of the settlement agreement and dismissal of the action with prejudice.

(ii) A check in the amount of Seven Hundred Fifty Four Dollars and Sixty One Cents ($754.61) made payable to Michael A. Faillace & Associates, PC, for attorney's fees and costs incurred. This payment shall be also made no later than 330 days after court approval of the settlement agreement and dismissal of this action with prejudice.

In the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the checks is not delivered to Guzman's counsel's escrow account and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice of breach (to be delivered to Defendants by first class mail via their counsel, Michael Taubenfeld, Esq., at 225 Broadway Suite 1700, New York, NY 10007). Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2.    (a) Plaintiff acknowledges and agrees that, except as expressly provided above, he is not entitled to and will not receive any additional compensation, bonuses, severance payments, vacation pay or benefits of any kind from Defendants, or any of their affiliates, predecessors or successors, and that no representations or promises to the contrary have been made by or on behalf of Defendants to Plaintiff.

(b) Plaintiff acknowledges and agrees that payments made to him pursuant to this Agreement must be reported to the Internal Revenue Service (as well as state and local authorities, where applicable) via IRS Tax Form 1099, W-2, or other forms. Plaintiff expressly acknowledges and warrants that, he is, and shall be, responsible for all federal, state and local tax liabilities which may result from Defendants' payments to him and warrants that Defendants bear no responsibility for any such tax liabilities.

(c) Plaintiff further agrees : (a) to indemnify and hold Defendants harmless in the event that they are assessed with any taxes, fines, penalties, or interest by the IRS (or any state or local authority) relating to the Settlement Sum because of Plaintiff's failure to pay taxes, including any costs and attorneys' fees; and (b) that should any tax liability arise or accrue, he will pay any and all such finally determined obligations as required by law

3.    Release and Covenant Not To Sue: Plaintiff Guzman hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries,

directors, owners, shareholders, members, agents, attorneys, legal representatives and managers in their respective capacities as such any and all FLSA and NYLL wage and hour charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff Guzman at any time has, had, claims or claimed to have against Defendants relating specifically to FLSA and NYLL claims that have occurred as of the Effective Date of this Agreement. , Defendants release and discharge Plaintiff Guzman from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Guzman that have occurred as of the Effective Date of this Agreement.

4. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Guzman and Defendants.

6. <u>Acknowledgments:</u> Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

7. <u>Notices:</u> Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Guzman:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Michael Taubenfeld
**Fisher Taubenfeld LLP**
225 Broadway Suite 1700
New York, NY 10007
Tel: 212-571-0700
Fax: 212-505-2001
Email: michael@fishertaubenfeld.com

6

8. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York.

**THE RETAINING OF JURISDICTION BY THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK IS A MATERIAL TERM OF THIS AGREEMENT. IF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK CHOOSES TO NOT RETAIN JURISDICTION THEN THIS AGREEMENT IS NULL AND VOID.**

9. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Guzman agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10. <u>Release Notification</u>: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C. Plaintiff Guzman acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff Guzman confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

11. <u>Severability</u>. If any court of competent jurisdiction concludes that any part, term or provision of this Agreement is illegal, void, unenforceable or in conflict with any state, federal or any other applicable law, it is the Parties' intention that the Agreement be deemed to be modified so that its purpose can lawfully be effectuated and, as so modified, the balance of this Agreement shall be enforceable and remain in full force and effect. Provided, however, that if paragraph 3 above is held to be illegal, void or unenforceable, Parties agree to promptly execute valid releases limited to FLSA and NYLL claims and waivers in favor of each other.

12. <u>Successors and Assigns</u>. This Agreement shall extend to, be binding upon, and inure to the benefit of the Parties and their respective successors and assigns.

13. <u>Assignment</u>. Neither this Agreement nor any rights or obligations hereunder may be assigned by one Party without the written consent of the others, except that Defendants may assign this Agreement to any parent or affiliate entity, and this Agreement shall inure to the benefit of any successor of Defendants, whether by merger, consolidation, sale of assets or otherwise, and reference herein to Defendants shall be deemed to include any such successor or successors.

14. <u>Waiver</u>. No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the Party waiving the breach.

15. <u>Headings</u>. All headings of the Sections of this Agreement have been inserted for convenience of reference only, are not to be considered a part of this Agreement, and shall in no way affect the interpretation of any of the provisions of this Agreement.

16. <u>Miscellaneous Provisions</u>.

   a. The recitals to this Agreement are hereby deemed incorporated into this Agreement.

   *b.* Each of the Parties hereto has joined in and contributed to drafting this Agreement and each of the Parties hereby agree that there shall be no presumption favoring any of the Settling Parties based upon draftsmanship.

17. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

<u>PLAINTIFF:</u>

By: **Miguel A Guzman**          Date: **Sep 26, 2019**
    MIGUEL A GUZMAN

<u>DEFENDANTS:</u>

By: _____     Date: _____
    KAM FUNG WONG INC.

By: _____     Date: _____
    AM LE CHANG

By: _____     Date: _____
    HENRY CHANG

Signature: _____
Miguel Guzman (Sep 26, 2019)
Email: ███████████████

8